IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

UNITED STATES OF AMERICA  §
  §
VS.  §  NO. 6:07cr109
  §  JUDGE Schneider / Love
JUSTIN ALLEN BROWN  §

## PLEA AGREEMENT

Defendant Justin Allen Brown, Assistant Federal Public Defender Wayne Dickey,

Defendant's attorney, and the United States Attorney for the Eastern District of Texas agree to the

following:

1.   **RIGHTS OF THE DEFENDANT**: Defendant understands that accused individuals

have the following rights:

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have guilt proved beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in defense;
         and

    e.   to not be compelled to testify against oneself.

2.   **WAIVER OF RIGHTS AND PLEA OF GUILTY**: Defendant waives these rights and

agrees to enter a plea of guilty to Count 1 of the Information, which charges a violation of 18

U.S.C. § 876(c) [mailing threatening communication]. Defendant understands the nature and

elements of the crime to which guilt is admitted and agrees that the factual resume Defendant has

signed is true and will be submitted as evidence.

Plea Agreement, Page 1

3.      **SENTENCE:**   The maximum penalties the Court can impose include:

a.      imprisonment for not more than10 years;

b.      a fine not to exceed $250,000;

c.      a term of supervised release of 3 years which may be mandatory under the law and will follow any term of imprisonment.  If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.      a mandatory special assessment of $100, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing;**

e.      restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f.      costs of incarceration and supervision.

4.      **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:**  Defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. Sentencing Guidelines Manual (U.S.S.G. or guidelines).  The guidelines are not binding on the Court, but are advisory only.  Defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum.  Defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5.      **GUIDELINE STIPULATIONS:**  The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

a.      The base offense level under U.S. Sentencing Guidelines Manual § 2A6.1 (U.S.S.G.) is **12**;

b.      The following specific offense characteristics in U.S.S.G. § 2A6.1 are applicable:

(1).    The offense involved more than two threats, resulting in an increase by **2** levels.

c.      The following victim related adjustments in U.S.S.G. § 3A1.2 are applicable:

(1).    The victim was a government officer or employee and the offense of conviction was motivated by such status, resulting in an increase by **3** levels.

(2).    The applicable Chapter Two guideline is from Chapter Two, Part A (offenses against the person), resulting in an increase by **6** levels.

d.      A reduction of **3** levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the Defendant has not accepted responsibility become known after entry of this agreement, this stipulation is not binding and Defendant may object to the failure of the Presentence Report to recommend the reduction.**

The parties understand that the Court is not bound by these agreements.

6.      **DEFENDANT'S COOPERATION**: Defendant shall cooperate with the Government by giving truthful and complete information and/or testimony concerning the Defendant's participation in the offense of conviction and other knowledge of criminal activities. The Defendant understands that intentionally providing false information or testimony to implicate an innocent person in the commission of a crime or to protect a guilty person, and/or exaggerating the involvement of any person in a crime in order to appear cooperative will be a material violation of this agreement. Upon request, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the United States Probation Office regarding Defendant's capacity to satisfy any fines or restitution. The Defendant also agrees to

comply with all of the relevant Orders and Rules of the Court. The Government will advise the

Court of the extent of Defendant's cooperation. Failure to comply with this section can result in

the rescission of this agreement, prosecution for the charges identified in paragraph 2 and for any

other federal offenses the Defendant may have committed. Additionally, upon such failure, the

Government may use any statements made by Defendant or leads derived therefrom against the

Defendant in any proceeding.

7.      **GOVERNMENT'S AGREEMENT**:   The United States Attorney for the Eastern

District of Texas agrees not to prosecute Defendant for any additional non-tax-related charges

based upon the conduct underlying and related to Defendant's plea of guilty. After sentencing,

the Government will dismiss any remaining charges  charges against this Defendant.

8.      **VIOLATION OF AGREEMENT**: Defendant understands that upon violation of any

provision of this agreement or any Order or Rule of the Court or if the guilty plea pursuant to this

agreement is vacated or withdrawn, the Government will be free from its obligations under this

agreement and may prosecute Defendant for all offenses of which it has knowledge. In such

event, Defendant waives any objections based upon delay in prosecution.

9.      **VOLUNTARY PLEA**:   This plea of guilty is freely and voluntarily made and is not

the result of force, threats, or promises other than those set forth in this plea agreement.

10.     **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except

as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and

sentence in this case on all grounds. Defendant further agrees not to contest the sentence in any

post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.

Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in

excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

11.    REPRESENTATION OF COUNSEL: Defendant has thoroughly reviewed all legal and factual aspects of this case with his/her lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from his/her lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes guilt and has concluded that it is in the Defendant's best interest to enter this agreement rather than proceeding to trial.

12.    LIMITATIONS ON THIS AGREEMENT:  This plea agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

13.    ENTIRETY OF AGREEMENT: Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOHN L. RATCLIFFE
ACTING UNITED STATES ATTORNEY

Dated: **13 Dec 2007**

Gregg W. Marchessault
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

11-30-07

Dated:

Justin Allen Brown
Defendant

I am Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: **12/11/07**

Wayne Dickey
Assistant Federal Public Defender
Attorney for Defendant

Plea Agreement, Page 6